UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. 09-21736-CIV-MORENO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

GLADYS ZAMBRANA, ENRIQUE PEREZ,
JAVIER ZAMBRANA, ALEJANDRO
HERNANDEZ A/K/A ALEX HERNANDEZ,
CARLOS CASTANEDA, and
VICENTA TELLECHEA,

    Defendants.
_____/

## DEFAULT FINAL JUDGMENT, ORDER OF DISGORGEMENT, AND MODIFICATION OF PERMANENT INJUNCTION

**THIS CAUSE** came before the Court upon Plaintiff's Motion for Default Final Judgment and Disgorgement against Defendants Gladys Zambrana, Enrique Perez, Javier Zambrana, Alejandro Hernandez a/k/a Alex Hernandez, Carlos Castaneda, and Vicenta Tellechea (collectively, the "Individual Defendants"), filed on November 10, 2009 [D.E. 33]. The Court has reviewed the Motion, the accompanying Affidavit of Special Agent Clint E. Warren, III, and the record, and is otherwise fully advised in the premises.

The Court previously granted a Temporary Restraining Order ("TRO") against Defendants ABC Home Health Care, Inc. ("ABC") and Florida Home Health Care Providers, Inc. ("FHH") in an Order dated June 25, 2009 [D.E. 8]. That Order was extended by this Court on July 6th [D.E. 19], and, after a hearing at which no Defendants appeared, the Court

again extended the TRO on July 15th [D.E. 22]. On July 20th, the Clerk of Court entered a default against Defendants ABC and FHH [D.E. 24]. On July 22nd, the Court entered a Permanent Injunction against all Defendants [D.E. 27], and on August 10th the Court entered Default Final Judgment, including Order of Disgorgement, against ABC and FHH [D.E. 28]. On November 3rd, the Clerk of Court entered a default against all of the Individual Defendants [D.E. 31]. On November 10, Plaintiff filed its Motion for Default Final Judgment [D.E. 33] against the Individual Defendants, seeking final judgment, disgorgement of those Defendants' ill-gotten gains, and a modification of the Permanent Injunction.

Because the Individual Defendants have defaulted, the Plaintiff's allegations set forth in the Complaint and the various declarations submitted are taken as true. Therefore, the Court hereby **FINDS**:

1. The Individual Defendants are violating and unless enjoined will continue to violate 18 U.S.C. § 1347, and have committed and unless enjoined will continue to commit Federal health care offenses through the submission of false and fraudulent claims to the Medicare program;

2. The Individual Defendants are alienating or disposing of property and intend to alienate or dispose of property obtained as a result of a Federal health care offense, property which is traceable to such violation or property of equivalent value; and

3. By submitting fraudulent claims to Medicare for home health services, as identified in the Complaint [D.E. 1 at ¶¶ 55-119] and the Warren Default Declaration [D.E. 33-2 at ¶¶ 5-6], the Individual Defendants have unlawfully profited at the expense of the United States in the amount of at least $12,667,949.87.

**Accordingly, it is ORDERED AND ADJUDGED that:**

1. Plaintiff's Motion for Default Final Judgment [D.E. 33] is **GRANTED**.

2. The Individual Defendants shall immediately **DISGORGE** the full amount of their ill-gotten gains, **$12,667,949.87** (twelve million six hundred sixty-seven thousand nine hundred forty-nine dollars and eighty-seven cents), to the United States. Because Defendants have been given notice but have defaulted on the Complaint, Bank of America, BankUnited, Regions Bank, and Wachovia Bank, are hereby **ORDERED** to disgorge, transfer or otherwise release to the United States the balance of the funds, up to the amount of $12,667,949.87, held in the accounts identified below and in any other account in an Individual Defendant's name, including any monetary instruments located in the safe deposit boxes identified below:

| Bank Name | Account Holder | Account Number (last four digits) | |
|---|---|---|---|
| Bank of America | G.E. Investment Services | x8086 | $ 1,657.79 |
| Bank of America | G.E. Investment Services | x5870 | [Safe Deposit Box] |
| Bank of America | St. Mary's Home Health Agency | x2060 | $ 12,080.00 |
| Bank of America | St. Mary's Home Health Agency | x2057 | $ 3,869.34 |
| Bank United | Gladys & Javier Zambrana | x4936 | $ 8,310.90 |
| Bank United | Gladys & Javier Zambrana | x7708 | $ 58.06 |
| Bank United | Javier Zambrana Coding Services | x5647 | $ 242.24 |
| Bank United | Javier Zambrana | [Safe deposit box #129] | [$110,100] |
| Regions Bank | Alejandro Hernandez | x8825 | $ 25,433.63 |
| Regions Bank | G.E.A. Florida Services, Inc. | x9733 | $ 12.07 |
| Regions Bank | Carlos Castaneda | x9127 | $ 800.45 |
| Regions Bank | Enrique Perez/Gladys Zambrana | x0277 | $ 33,647.51 |
| Regions Bank | Enrique Perez/Gladys Zambrana | x6361 | $ 18,818.76 |

| Bank | Account Holder | Account | Amount |
|---|---|---|---|
| Regions Bank | Gladys Zambrana custodian | x0608 [CD] | $ 12,684.89 |
| Regions Bank | Vicenta Tellechea | x2171 | $ 572.00 |
| Regions Bank | Dany Home Care/Alejandro Hernandez | x1887 | $ 23,681.50 |
| Wachovia Bank | G & S Services Corp. | x1117 | $ 16,732.32 |
| Wachovia Bank | Gladys Zambrana | x5779 | $ 25,414.96 |
| Wachovia Bank | Vicenta Tellechea | x6913 | $ 5,193.62 |
| Wachovia Bank | Consultant Billing, Inc. | x7205 | $ 24,575.10 |
| Wachovia Bank | Javier Antonio Zambrana | x0787 | $ 277.66 |
| Wachovia Bank | Alejandro Hernandez | x4165 | $ 4,974.31 |
| Wachovia Bank | Alejandro Hernandez | x387 | [Safe Deposit Box] |
| Wachovia Bank | Nationwide Express | x9291 | $ 3,666.02 |
| Wachovia Bank | Dany Home Care, Inc. | x5229 | $ 15,520.89 |

**It Is FURTHER ORDERED AND ADJUDGED that:**

3. The Permanent Injunction [D.E. 27] is modified, as to Defendants Gladys Zambrana and Enrique Perez, as follows: Defendants Gladys Zambrana and Enrique Perez may sell household items and use the proceeds of such sales to pay for living and medical expenses, provided that:

> a. Defendants Gladys Zambrana and Enrique Perez may sell household items such as furniture, rugs, lamps, clothes, and books, but may not sell household fixtures (e.g., appliances and chandeliers), jewelry, artwork, or antiques;
>
> b. Defendants Gladys Zambrana and Enrique Perez must track and record all such sales;
>
> c. At least once per month, Defendants Gladys Zambrana and Enrique Perez shall provide to the United States an inventory, signed under penalty of

perjury, of all items sold, the persons to whom each item was sold, and the amount paid;

d. All sales are arms-length transactions at fair-market values; and

e. The sales must not involve any single asset whose fair market value exceeds $5,000, and the total amount of all items sold must not exceed $20,000.

**DONE AND ORDERED** in Chambers at Miami, Florida, this _10_ day of December, 2009.

                                                                  _____
                                                                  FEDERICO A. MORENO
                                                                  CHIEF UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record